2023-1494

_____

# United States Court of Appeals

# for the Federal Circuit

_____

**APPLE, INC.**
*Appellant,*

v.

**GESTURE TECHNOLOGY PARTNERS, LLC**
*Appellee.*

Appeal from the United States Patent and Trademark Office in *Inter Partes* Review Nos. IPR2021-00923, IPR2022-00093, and IPR2022-00361 – U.S. Patent No. 8,194,924

**RESPONSE BRIEF OF APPELLEE
GESTURE TECHNOLOGY PARTNERS, LLC**

/s/ Fred I. Williams
Fred I. Williams
WILLIAMS SIMONS & LANDIS PLLC
601 Congress Ave., Suite 600
Austin, TX 78701
Tel. 512.543.1354



September 12, 2023

Todd E. Landis
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX  75204
Tel: 512.543.1357

John Wittenzellner
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite 125#453
Philadelphia, PA 19103
Tel: 512.543.1373

COUNSEL FOR APPELLEE GESTURE TECHNOLOGY PARTNERS, LLC

# CLAIM LANGUAGE AT ISSUE

## U.S. Patent No. 8,194,924 (Claim 1)

1. A handheld device comprising:

a housing;

a computer within the housing;

a first camera oriented to view a user of the handheld device and having a first camera output; and

a second camera oriented to view an object other than the user of the device and having a second camera output, wherein the first and second cameras include non-overlapping fields of view, and wherein the computer is adapted to perform a control function of the handheld device based on at least one of the first camera output and the second camera output.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

| | |
|---|---|
| **Case Number** | 23-1494 |
| **Short Case Caption** | Apple Inc. v. Gesture Technology Partners, LLC |
| **Filing Party/Entity** | Gesture Technology Partners, LLC |

> **Instructions:** Complete each section of the form.  In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.  **Please enter only one item per box; attach additional pages as needed and check the relevant box**.  Counsel must immediately file an amended Certificate of Interest if information changes.  Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 09/12/2023

Signature: /s/ Fred I. Williams

Name: Fred I. Williams

| **1. Represented Entities.**<br>Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.**<br>Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.**<br>Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☐ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Gesture Technology Partners, LLC | N/A | N/A |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.  Do not include the originating case number(s) for this case.  Fed. Cir. R. 47.4(a)(5).  See also Fed. Cir. R. 47.5(b).

☐    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
| See Attachment A |  |  |
|  |  |  |
|  |  |  |

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

**Attachment A to Certificate of Interest:**

**5. Related Cases.**

- *Gesture Technology Partners, LLC v. Apple Inc*., 4:22-cv-04806-YGR (U.S. District Court for the Northern District of California)

- *Gesture Technology Partners, LLC v. Motorola Mobility LLC*, 1:22-cv-03535 (U.S. District Court for the Northern District of Illinois)

- *Gesture Technology Partners, LLC v. LG Electronics Inc. et al.*, 2:21-cv-19234-EP-MAH (U.S. District Court for the District of New Jersey)

- *Ex Parte* Reexamination No. 90/014,902 of U.S. Patent No. 8,194,924, before the United States Patent and Trademark Office (reexam ordered December 2, 2021).

# TABLE OF CONTENTS

I.      STATEMENT OF RELATED CASES..............................................1

II.     JURISDICTIONAL STATEMENT ................................................1

III.    STATEMENT OF THE ISSUES ..................................................2

      1.      Whether substantial evidence supports the Board's finding that *Mann* is non-analogous art to U.S. Patent No. 8,194,924....................2

      2.      Whether the Board violated the Administrative Procedure Act (APA) by finding *Mann* to be non-analogous art. ...............................2

IV.     STATEMENT OF THE CASE ....................................................2

      A.      The '924 Patent .................................................................2

      B.      *Mann* is Non-Analogous Art. ..............................................5

      C.      The Board's Final Written Decision for the '924 Patent ....................7

          1.      The Board found that Petitioner did not establish by preponderance of the evidence that *Mann* is analogous art to the '924 Patent. ..........................................................8

          2.      *Mann* is Not a Proper Reference for use in an Obviousness Challenge. ..................................................................9

V.      SUMMARY OF THE ARGUMENT............................................10

VI.    STANDARD OF REVIEW ..........................................................................10

VII.   ARGUMENT ..........................................................................................12

       A.   Substantial Evidence Supports the Board's Finding that *Mann* is
            Non-Analogous Art. ..........................................................................12

            1.   The '924 Patent's field of endeavor is not a camera system
                 controlled by any human gesture input.....................................13

            2.   The Board correctly found the proper field of endeavor of the
                 '924 Patent to include camera based sensing of the input........17

            3.   Petitioner's Proposed Field of Endeavor is Incorrect and
                 Mann is Non-Analogous Art......................................................22

       B.   The Board Complied with the APA in Identifying the Field of
            Endeavor and Finding That *Mann* Is Not Analogous Art...................24

VIII.  CONCLUSION AND RELIEF SOUGHT ....................................................28

# TABLE OF AUTHORITIES

**Cases**

*Acoustic Tech., Inc. v. Itron Networked Sols., Inc.*,
 949 F.3d 1360 (Fed. Cir. 2020) ............................................................ 15, 22

*Airbus S.A.S. v. Firepass Corp.*,
 941 F.3d 1374 (Fed. Cir. 2019) .................................................................10

*Circuit Check Inc. v. QXQ Inc.*,
 795 F.3d 1331 (Fed. Cir. 2015) .................................................................10

*Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*,
 800 F.3d 1375 (Fed. Cir. 2015) .................................................................24

*In re Bigio*,
 381 F.3d 1320 (Fed. Cir. 2004) ........................................................... 12, 19

*In re Glatt Air Techniques, Inc.*,
 630 F.3d 1026 (Fed. Cir. 2011). ................................................................11

*In re Jolley*,
 308 F.3d 1317 (Fed. Cir. 2002) .................................................................11

*In re Klein*,
 647 F.3d 1343 (Fed. Cir. 2011) ........................................................... 11, 12

*In re Lee*,
 277 F.3d 1338 (Fed. Cir. 2002) .................................................................11

*In re Mettke*,
 570 F.3d 1356 (Fed. Cir. 2009) .................................................................21

*In re Nuvasive*,
 842 F.3d 1376 (Fed. Cir. 2016....................................................................11

*In re NuVasive, Inc.*,
 842 F.3d 1376 (Fed. Cir. 2016) .................................................................15

*In re Suitco Surface, Inc.*,
 603 F.3d 1255 (Fed. Cir. 2010) .................................................................11

*Mylan Pharms. Inc. v. Merck Sharp & Dohme Corp.,*
    50 F.4th 147 (Fed. Cir. 2022) ........................................................................12

*Regent Lighting Corp. v. Fl Indus., Inc.,*
    1995 WL 331122 (Fed. Cir. June 2, 1995)....................................................20

*Sanofi-Aventis Deutschland GmbH v. Mylan Pharm. Inc.,*
    66 F.4th 1373 (Fed. Cir. 2023) ....................................................................22

*State Contracting & Engineering Corp. v. Condotte America,*
    346 F.3d 1057 (Fed. Cir. 2003) ............................................................ 23, 24

*Unwired Planet, LLC v. Google Inc.,*
    841 F.3d 995 (Fed. Cir. 2016) ......................................................................14

## I.    STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, Appellee Gesture Technology Partners, LLC states that no other appeal in or from the same civil action in the lower court was previously before this or any other appellate court.

Cases pending in this or any other court which will directly affect or be directly affected by this Court's decision in the pending appeal are listed below.

- *Gesture Technology Partners, LLC v. Apple Inc.,* Case No. 4:22-cv-04806 (N.D. Cal.)

- *Gesture Technology Partners, LLC v. LG Electronics, Inc.,* Case No. 2:21-cv-19234 (D.N.J.)

- *Gesture Technology Partners, LLC v. Motorola Mobility LLC,* Case No. 1:22-cv-03535 (N.D. Ill.)

- Ex Parte Reexamination No. 90/014,902 of U.S. Patent No. 8,194,924, before the United States Patent and Trademark Office (reexam ordered December 2, 2021)

## II.    JURISDICTIONAL STATEMENT

The Board issued its Final Written Decision on December 2, 2022.  Appx1-20.  Apple filed a notice of appeal on February 3, 2023.  Appellant Br. 3.  This Court has jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## III. STATEMENT OF THE ISSUES

1. Whether substantial evidence supports the Board's finding that *Mann* is non-analogous art to U.S. Patent No. 8,194,924.

2. Whether the Board violated the Administrative Procedure Act (APA) by finding *Mann* to be non-analogous art even though the Board gave Petitioner notice of the field of endeavor and a fair opportunity to respond.

## IV. STATEMENT OF THE CASE

### A. The '924 Patent

This appeal involves U.S. Patent No. 8,194,924 (the "'924 Patent), which is owned by Appellee Gesture Technology Partners, LLC ("Patent Owner"). Appx21. The '924 Patent is entitled "Camera Based Sensing in Handheld, Mobile, Gaming or Other Devices." *Id.*, Title. The '924 Patent is directed toward methods and apparatuses "to enable rapid TV camera and computer-based sensing in many practical applications, including, but not limited to, handheld devices, cars, and video games." *Id.*, Abstract. The claims of the '924 Patent relate in general to "input devices for computers, particularly, but not necessarily, intended for use with 3-D graphically intensive activities, and operating by optically sensing a human input to a display screen or other object and/or the sensing of human positions or orientations." Appx45, 2:7-11.

The '924 Patent describes the use of computer devices and one or more cameras that "optically sens[e] human input" with applications in a "variety of fields such as computing, gaming, medicine, and education." *Id.* In general, the '924 Patent discloses numerous applications in which a user or an object held by a user controls a computer with one or more cameras as depicted in Fig. 1A below:



FIG. 1A

Appx22, Fig. 1A. In this embodiment, there are multiple cameras (100, 101, 144) located on a monitor (102) with a screen facing a user (103) and connected to a computer (106). Appx46, 3:27-57.

The '924 Patent also discloses a handheld device, such as a cell phone, that processes imaging from a person or object to control functions on the handheld device. Appx50, 11:65-12:67. The '924 Patent describes that the handheld device can "perform a control function by determining [] position, orientation, pointing

3

direction or other variable with respect to one or more external objects, using an optical sensing apparatus . . . or with a camera located in the handheld device, to sense datums or other information external for example to the device." Appx50, 12:4-12. The '924 Patent describes that the device is able to "acquire features of an object and use it to determine something" such as object recognition. Appx51, 13:5-25.

Further, the '924 Patent discloses a handheld computer with multiple cameras that can be rotated, as depicted in Fig. 18 below:



Appx44, Fig. 18. The handheld computer (1901) includes a "stereo pair of cameras" (1902, 1910) that can be used to observe gestures of the user holding the handheld

computer (1901) or gestures of another user.  Appx57, 25:50-63, 26:25-40.  Images

from one or more of the cameras (1902, 1910) may be processed to utilize functions

of the handheld computer (1901).  *Id.*, 25:50-67, 26:1-51.

###    B.    *Mann* Is Non-Analogous Art.

Canadian Published Patent Application CA2,237,939A1 ("*Mann*") was filed

on June 29, 1998, and published on August 28, 1998.  *Mann* was used as a reference

in each of the three grounds advanced by Petitioner.  *See* Appx99.  The title of Mann

is "Personal Imagining System with Viewfinder and Annotation Means."  Appx770.

Independent claim 13 of *Mann* is directed towards "[a] wristwatch video

conferencing system."  Appx792.

"Interaction with the wristwatch version of the invention depicted in Fig 3

may be done through a pen-based or touch-based interface to the screen"—not

camera-based sensing.  Appx786; *see generally* Appx770-799.  The wristwatch

includes cabling (labeled as 360 in Figure 3) that "runs up the sleeve of the wearer

of the watch, to an internet-connected body-worn computer system."  Appx785.

Figure 3 of *Mann* is reproduced below:



FIGURE 3: WRISTWATCH VIDEOCONFERENCING AND COLLABORATIVE RECORDING SYSTEM

Appx798.

*Mann* discloses that "[i]t is an object of this invention to provide a method of positioning a camera to take a picture or video of a subject without the subject's knowledge." Appx778. A benefit of *Mann*'s invention "is to provide personal safety, and to ensure accountability to those who might otherwise escape accountability. These benefits are especially useful in a totalitarian regime."

Appx791. *Mann* describes the invention as "[a] novel means and apparatus for personal documentary photography and videography. . . The camera system integrates the process of making a personal handwritten diary or the like, with the capture of video, from an optimal point of vantage and camera angle. . . Video of a subject such as an official behind a counter may be captured by a customer or patron of an establishment, in such a manner that the official cannot readily determine whether or not video is being captured with the handwritten notes or annotations." Appx772.

### C. The Board's Final Written Decision for the '924 Patent

The petition asserted three grounds of unpatentability based on five alleged prior-art references:

| Proposed Ground of Unpatentability | Exhibits |
|---|---|
| **Ground 1:** Claims 1-6, 11, and 14 are obvious under pre-AIA 35 U.S.C. § 103 over Canadian Published Patent Application CA2,237,939A1 to Mann ("*Mann*") in view of U.S. Patent 6,144,366 to Numazaki. et al. ("*Numazaki*") | Ex. 1004, Ex. 1005 |
| **Ground 2:** Claims 7, 8, 10, 12, and 13 are obvious under pre-AIA 35 U.S.C. § 103 over *Mann* in view of *Numazaki* and in further view of U.S. Patent 6,539,100 to Amir, et al. ("*Amir*") | Ex. 1004, Ex. 1005, Ex. 1006 |
| **Ground 3:** Claims 6 and 9 are obvious under pre-AIA 35 U.S.C. § 103 over *Mann* in view of *Numazaki* and in further view of U.S. Patent 5,666,157 to David G. Aviv ("*Aviv*") | Ex. 1004, Ex. 1005, Ex. 1007 |

Appx99.

For each of the three grounds, Petitioner alleged that the challenged claims of the '924 Patent are rendered obvious under 35 U.S.C. § 103 by U.S. Patent 6,144,366

to Numazaki et al. filed October 17, 1997, and issued on November 7, 2000 ("Numazaki"), in view of Mann. Petitioner combined additional prior art references to Numazaki and Mann in the other grounds, including U.S. Patent 6,539,100 to Arnon Amir, et al. ("Amir") that was filed on January 27, 1999, and issued on March 25, 2003, as well as U.S. Patent 5,666,157 to David G. Aviv ("Aviv") that was filed on January 3, 1995, and issued on September 9, 1997.

1. **The Board found that Petitioner did not establish by preponderance of the evidence that *Mann* is analogous art to the '924 Patent.**

The Board found that *Mann* discloses integrating the process of making a personal handwritten diary with the capture of video. Appx8. *Mann* includes two embodiments—a PDA embodiment and a wristwatch embodiment. Appx8-9. The PDA embodiment and the wristwatch embodiment of *Mann* "do not disclose controlling a computer with human gesture input that is optically sensed with a camera." Appx16; *see also* Appx770-799. In fact, *Mann* teaches that interaction with the wristwatch embodiment is <u>only</u> done through a pen-based or touch-based interface to the screen. Appx9. The Board found that Petitioner failed to "expressly define the field of endeavor of either the '924 patent or Mann." Appx11.

The Board found that Petitioner only addressed the "field of endeavor" test and that Petitioner "waived all arguments" related to the "reasonably pertinent to the particular problem" test. Appx13. Petitioner took a "unique" approach in

determining that the same cited disclosures in the '924 patent defined different fields of endeavor. Appx11-13. Petitioner provided no analysis regarding why it chose multiple fields of endeavor in its reply. Appx13.

The Board noted that Petitioner introduced the '924 Patent as being directed to "computer devices that 'optically sens[e] human input' using one or more cameras, contemplating applications in a "variety of fields such as computing, gaming, medicine, and education." Appx14. Given that the '924 Patent is directed to camera-based sensing of the input, the Board disagreed with Petitioner's proposed field of endeavor, which did not include camera-based sensing ("a portable camera system that may be controlled by human gesture input"). *Id.*

The Board found that *Mann* was not analogous art because *Mann* does not disclose <u>camera-based sensing</u> of the input. *See* Appx16.

### 2. *Mann* Is Not a Proper Reference for Use in an Obviousness Challenge.

A reference qualifies as prior art for an obviousness determination only when it is analogous to the claimed invention. *See In re Klein*, 647 F.3d 1343, 1348 (Fed. Cir. 2011). The Board applied that law to determine that Petitioner failed to meet its burden to show unpatentability for all asserted grounds because *Mann* is non-analogous art. *See* Appx16.

## V. SUMMARY OF THE ARGUMENT

Substantial evidence supports the Board's proper finding that *Mann* is non-analogous art because the proper field of endeavor of the '924 Patent includes <u>camera-based sensing</u> of the input, and the field of endeavor for *Mann* does not include <u>camera-based sensing</u> of the input. The field of endeavor of the '924 Patent determined by the Board is consistent with the record, including the petition.

The Board did not violate the APA because Petitioner not only had multiple opportunities during the IPR to argue that *Mann* was analogous art, but Petitioner had the burden of establishing that *Mann* was analogous. Petitioner could have tried to meet its burden in reply or at oral argument, but Petitioner failed to do so.

## VI. STANDARD OF REVIEW

"A reference qualifies as prior art for an obviousness determination only when it is analogous to the claimed invention." *Airbus S.A.S. v. Firepass Corp.*, 941 F.3d 1374, 1379 (Fed. Cir. 2019). "Whether a reference qualifies as analogous prior art is a question of fact that [the Court] review[s] for substantial evidence." *Id.* "Prior art is analogous if it is from the same field of endeavor or if it is reasonably pertinent to the particular problem the inventor is trying to solve." *Circuit Check Inc. v. QXQ Inc.*, 795 F.3d 1331, 1335 (Fed. Cir. 2015). "A reference is reasonably pertinent if, even though it may be in a different field from that of the inventor's endeavor, it is one which, because of the matter with which it deals, logically would have

commended itself to an inventor's attention in considering his problem." *In re Klein*, 647 F.3d 1343, 1348 (Fed. Cir. 2011) (*quoting In re Clay*, 966 F.2d 656, 659 (Fed. Cir. 1992)).

"Substantial evidence is something less than the weight of the evidence but more than a mere scintilla of evidence . . . and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Suitco Surface, Inc.*, 603 F.3d 1255, 1259 (Fed. Cir. 2010) (internal citations and quotations omitted). A finding is supported by substantial evidence if "a reasonable mind might accept the evidence as adequate to support" the finding. *In re Jolley*, 308 F.3d 1317, 1320 (Fed. Cir. 2002) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "In reviewing the record for substantial evidence, this court takes into account evidence that both justifies and detracts from the factual determinations." *In re Glatt Air Techniques, Inc.*, 630 F.3d 1026, 1029 (Fed. Cir. 2011). In reaching its decisions, the Board must "make the necessary findings and have an adequate 'evidentiary basis for its findings.'" *In re Nuvasive*, 842 F.3d 1376, 1382 (Fed. Cir. 2016 (quoting *In re Lee*, 277 F.3d 1338, 1344 (Fed. Cir. 2002)).

"If two inconsistent conclusions may reasonably be drawn from the evidence in the record, [the PTAB]'s decision to favor one conclusion over the other is the epitome of a decision that must be sustained upon review for substantial evidence."

*Mylan Pharms. Inc. v. Merck Sharp & Dohme Corp.*, 50 F.4th 147, 152 (Fed. Cir. 2022) (cleaned up).

## VII.   ARGUMENT

### A.   Substantial Evidence Supports the Board's Finding that *Mann* Is Non-Analogous Art.

The Board's determination that *Mann* is non-analogous art should be affirmed because it is supported by substantial evidence. *See* Appx10-16. There are two tests to determine whether art is analogous: "(1) whether the art is from the same field of [the inventor's] endeavor" and "(2) if the reference is not within the field of the inventor's endeavor, whether the reference still is reasonably pertinent to the particular problem with which the inventor is involved." *In re Bigio*, 381 F.3d 1320, 1325 (Fed. Cir. 2004); *see also In re Klein*, 647 F.3d at 1348. Petitioner addressed only the first test ("field of endeavor") and waived any argument related to the second test ("reasonably pertinent to the particular problem").[1] Appx11. And the Board properly applied the "field of endeavor" test, finding that *Mann* is non-analogous art. *See* Appx10-16.

The Board considered whether *Mann* is in the same field of endeavor as the '924 Patent, concluding that it is not. Appx16. The Board found that "the proper field of endeavor of the '924 patent should include <u>camera based sensing</u> of the

---

[1] Petitioner concedes that it argued only the field of endeavor test. Appellant Br. 25.

input." Appx15 (emphasis added). *Mann*'s field of endeavor does not include camera-based sensing of any input; therefore, *Mann* is non-analogous art. That is why the Court should affirm the Board's decision.

Patent Owner responds to each of Petitioner's arguments as follows:

### 1. The '924 Patent's field of endeavor is not a camera system controlled by any human gesture input.

The Board considered Petitioner's proposed field of endeavor ("a portable camera system that may be controlled by human gesture input") and expressly rejected it based on substantial evidence, including the portions of the specification that Petitioner itself cited during the *inter partes* review proceedings. Appx14-15. On appeal, Petitioner asks the Court to disregard the fact that the '924 Patent consistently states that its field of endeavor includes not just any gesture input, but gestures that are optically sensed.

Petitioner's brief starts by directing the Court to the "Field of the Invention" of the '924 Patent. Appellant Br. at 27. In doing so, Petitioner regrettably omits from its quotation the portion of the "Field of the Invention" stating that the human input is optically sensed:

> The invention relates to simple input devices for computers, particularly, but not necessarily, intended for use with 3-D graphically intensive activities, ***and operating by optically sensing a human input*** to a display screen or other object and/or the sensing of human positions or orientations.

Appx45, 2:7-1 (emphasis added); *see also compare* Appellant Br. at 27 *with* Appx45, 2:7-19. Petitioner did so because there is no dispute that *Mann* does not disclose optically sensing human input.

Petitioner's opening brief recognizes that the '924 Patent consistently focuses on using camera-based sensing. *See, e.g.,* Appellant Br. 26 (". . .the '924 patent's consistent focus on using camera-based sensing to achieve the overall goal of controlling computers with human gestures. . ."); Appellant Br. 27 (". . . the patent's consistent focus on enhancing existing gestural controls through the addition of camera-based sensing. . ."); Appellant Br. 35 (". . . Given the patent's consistent focus on using camera-based sensing. . ."). And Petitioner's citations to the '924 Patent include the camera-based sensing of input. Appellant Br. 27-30 (citing Appx45-57). But Petitioner nonetheless seeks a field of endeavor that does not require camera-based sensing.

Petitioner cites *Unwired Planet, LLC v. Google Inc.* for two propositions. Appellant Br. at 27-28 (citing 841 F.3d 995 (Fed. Cir. 2016)). First, Petitioner argues that the Court should disregard the focus on camera-based sensing in the '924 Patent because the "field of endeavor may not be 'limited to the specific point of novelty.'"). Appellant Br. at 27 (citing *Unwired Planet*, 841 F.3d at 1001). But the field of endeavor adopted by the Board is not so limited. It is not limited to a handheld computing device. Nor is it limited to the specific arrangement of cameras

recited in the claims of the '924 Patent. Therefore, Petitioner's reliance on *Unwired Planet* is improper.

Second, Petitioner relies on *Unwired Planet* for the proposition that the field of endeavor must be assessed with reference to the "claimed invention." Appellant Br. 28; 841 F.3d at 1001. The Board did exactly that when it referenced claim 1 of the '924 Patent to support its determination that the field of endeavor includes camera-based sensing of the input. Appx15. With regard to the field of endeavor determined by the Board, Petitioner does not argue or even mention the relevant "substantial evidence" standard in Section I.A of its Opening Brief.

Petitioner proposes that the field of endeavor for *Mann* should be a "portable camera system that may be controlled by human gesture input." Appellant Br. 28-30. Petitioner cites numerous discrete sections of the '924 Patent to argue that the field of endeavor should be "aimed at using human gestures to control computers." *Id.* That is a new argument on appeal; thus, that argument is waived. *See Acoustic Tech., Inc. v. Itron Networked Sols., Inc.*, 949 F.3d 1360, 1364 (Fed. Cir. 2020) (this Court has "frequently declined to hear arguments that the applicant failed to present to the Board."). When a party raises arguments on appeal that it did not raise before the Board, it "deprives the court of the benefit of the [Board's] informed judgment." *In re NuVasive, Inc.*, 842 F.3d 1376, 1380 (Fed. Cir. 2016). Petitioner had every opportunity to make these arguments before the Board in its reply or

during oral argument. But Petitioner chose to forego both opportunities. In fact, the Board recognized Petitioner's failure on this point: "Petitioner's Reply did not provide any additional analysis as to why the identified field of endeavor is correct or supported by the '924 patent or Mann (*see* Reply 24)." Appx13.

Petitioner appears to argue that the Board criticized Petitioner for not comparing its field of endeavor for *Mann* with its field of endeavor for *Amir* and *Aviv*. Appellant Br. at 31-32 (citing Appx13). But the Board did no such thing; in fact, the Board merely pointed out that *Mann* does not fall within the same field of endeavor that Petitioner proposed for *Amir* and *Aviv*, which requires camera-based sensing. *See* Appx13. In doing so, the Board highlighted the fact that Petitioner had no valid basis to assert a separate field of endeavor for *Mann*. The Board properly compared *Mann* and the '924 Patent. Appx13 ("We find that Petitioner has not satisfied its burden to show that Mann is analogous art to the '924 patent.").

Petitioner mischaracterizes the Board's findings regarding the citations to the '924 Patent that Petitioner provided in support of its proposed field of endeavor. Appellant Br. 33-34. (citing Appx13-14). The Board correctly found that "[n]one of [Petitioner's] citations describe controlling a portable camera system by human gesture input." Appx14. That is true. The petition asserted that three portions of the specification of the '924 Patent describe its proposed field of endeavor, when, in fact, each of them describe the use of camera-based sensing: (1) the Abstract; (2)

col. 25, lines 40-41; and (3) col. 25, lines 50-63. Appx106. The first citation, to the Abstract, characterizes the '924 Patent as disclosing a method and apparatus "to enable rapid <u>TV camera</u> and computer based sensing in many practical applications. . . ." Appx21. Although Petitioner cut the second citation short, it references camera-based input: "Consider handheld computer 1901 of FIG. 18, incorporating a camera 1902 which can optionally be rotated about axis 1905 so as to look at the user or a portion thereof such as a finger 1906, or at objects at which it is pointed." Appx57, 25:40-43. Similarly, Petitioner's third citation identifies sensing <u>images</u> of "Ones self," "Ones fingers," or "One or more objects in ones hand" as input. *See id.* at 25:50-63 (emphasis added).

Substantial evidence thus supports the Board's determination that *Mann* is non-analogous art because the proper field of endeavor of the '924 Patent should include camera-based sensing of the input, and *Mann*'s field of endeavor does not include camera-based sensing of any input. *See* Appx10-16.

> ## 2. The Board correctly found the proper field of endeavor of the '924 Patent to include camera-based sensing of the input.

The Board correctly found the proper field of endeavor of the '924 Patent "should include camera based sensing of the input." Appx15. In doing so, the Board considered the record from both the Petitioner and Patent Owner, which describe the '924 Patent as being directed to devices that optically sense human input using a camera. Appx14-15 (citing Appx94-96, Appx692, Appx692-695).

The Board did not limit the field of endeavor to a specific point of novelty of the '924 Patent as Petitioner suggests. *See* Appellant Br. 34-39. As discussed above, optically sensing human input is not the point of novelty of the '924 Patent. The field of endeavor adopted by the Board is not limited to a handheld computing device as is claimed by the '924 Patent. Nor is it limited to the specific arrangement of cameras recited in the claims of the '924 Patent. That is why *Unwired Planet* is inapposite. *See* 841 F.3d 995 (Fed. Cir. 2016). There, the court found that a prior art reference focusing on graphical user interfaces was analogous to a patent focusing on interfaces for location-based services because (1) "the teachings in graphical user interface design, including design principles for displaying text and ordering menus, have relevance in interfaces for location-based applications" and (2) a skilled artisan would reasonably look to the reference which teaches solutions to the same problem identified in the patent. *Unwired Planet*, 841 F.3d at 1001. But there is no record evidence here that the teachings in touch-based sensing (i.e., *Mann*) are relevant to the camera-based sensing in the '924 Patent. Nor is there any record evidence that a skilled artisan would look to touch-based sensing for solutions to the camera-based problems identified in the '924 Patent. The record evidence, which Petitioner consistently ignores, shows that the '924 Patent addressed problems relevant to camera-based sensing through, for example, the configuration and orientation of cameras, different types of processing, and the use of targets to further

improve optical detection of gestures. Appx45, 2:7-23; Appx46, 3:27-57; Appx49: 7:1-58; Appx50, 11:65-12:67; Appx51, 13:5-25; Appx57, 25:50-67, 26:1-51.

The Board properly assessed the structure and function of claim 1 of the '924 Patent to arrive at a field of endeavor supported by substantial evidence. The *In re Bigio* case cited by the Board indicates the importance of consulting the claimed invention to determine the field of endeavor. *See* Appx10-22; *see also* 381 F.3d 1320, 1326 (Fed. Cir. 2004) ("The Board thus correctly set the field of the invention by consulting the structure and function of the claimed invention as perceived by one of ordinary skill in the art.") In *Bigio*, the Court affirmed the Board's determination that toothbrushes fell within the field of endeavor of a hair brush because substantial evidence supported the Board's factual finding. 381 F.3d at 1327. Petitioner cites *Bigio* and argues that a field of endeavor for the '924 Patent that includes camera-based sensing is too narrow. Appellant Br. 38-39. But Petitioner omits an important quote from *Bigio* where the Court recognizes the test for analogous art from its predecessor court: "'The differences are mere change of size and substitution of material of the most obvious kind, *on a par with the differences between a hairbrush and a toothbrush*.' *In re Wolfe*, 45 C.C.P.A. 790, 251 F.2d 854, 856, 1958 Dec. Comm'r Pat. 170 (CCPA 1958) (emphasis added)." 381 F.3d at 1327. Stated differently, if a reference merely changes the size or

substitutes the material, that reference is analogous art. *See id.* None of that applies to the present case because *Mann* does not disclose camera-based sensing.

The decision in *Regent Lighting Corp. v. Fl Indus., Inc.* is inapposite because the claimed subject matter of the '924 Patent is limited to camera-based sensing. No. 94-1162, 1995 WL 331122 at *4. (Fed. Cir. June 2, 1995) (nonprecedential). In *Regent Lighting*, the Court found the field of endeavor was improperly limited based on the claimed subject matter and an erroneous claim construction. *Id.* (". . . the *claimed* subject matter is not limited to outdoor quartz halogen lights; therefore, this finding is clearly erroneous considering the scope of the appealed claims.") Here, Petitioner does not allege there was any erroneous claim construction, and the claimed subject matter indisputably includes camera-based sensing of the input. As recognized by the Board, claim 1 of the '924 Patent recites camera-based sensing of the input. Appx15 ("perform a control function of the handheld device based on at least one of the first camera output and the second camera output"). Moreover, the field of endeavor adopted by the Board is supported by overwhelming evidence from the specification. *See* Appx22, Fig. 1A; Appx44, Fig. 18; Appx45, 2:7-11; Appx46, 3:27-57; Appx50, 11:65-12:67; Appx51, 13:5-25; Appx57, 25:50-67, 26:1-51. Further, in *Regent Lighting*, the particular problem involved a lens attaching means where the patent and the reference each disclosed different types of lighting (outdoor quartz halogen floodlights vs. indoor fluorescent lighting) and different lens

materials (plastic vs. glass). No. 94-1162, 1995 WL 331122 at *10-11. The reference was found analogous because it was within the field of endeavor that included a lens attaching means. *Id*. Here, the *Mann* reference does not disclose camera-based sensing of the input, and so it is outside the field of endeavor of the '924 Patent that includes camera-based sensing of the input.

*In re Mettke* is also inapposite. 570 F.3d 1356, 1359 (Fed. Cir. 2009). There, Mr. Mettke contended that the field of the endeavor was limited to an "Internet terminal" because the claimed subject matter was directed to "providing access to the Internet." *Id*. The Court found that other forms of communication media were within the field of endeavor, such as facsimile machines and email. *Id*. Here, the claimed subject matter of the '924 Patent includes camera-based sensing of the input. References with other forms of camera-based sensing of the input may be within the field of endeavor. But references like *Mann*, without camera-based sensing of the input, are not within the field of endeavor.

Petitioner asserted that the field of endeavor should be broader because the Examiner considered a reference during prosecution (e.g., Appx609-614, the "Silverbrook" reference, U.S. Patent No. 6,788,336) that does not include camera-based sensing of the input, and the disclosure of the '924 Patent includes features that do not include camera-based sensing of the input. Appellant Br. 34-37. But Petitioner waived that argument by not presenting it to the Board. *See Acoustic*

*Tech.*, 949 F.3d at 1364 (this Court has "frequently declined to hear arguments that the applicant failed to present to the Board."). Even so, the argument ignores the importance of assessing the <u>claimed</u> subject matter, which requires camera-based sensing of the input to determine a field of endeavor. Further, Petitioner's argument does not overcome the substantial evidence that supports the Board's determination that *Mann* is non-analogous art.

### 3. Petitioner's Proposed Field of Endeavor Is Incorrect, and *Mann* Is Non-Analogous Art.

As decided by the Board, Petitioner's proposed field of endeavor is incorrect, and the Board's determination that *Mann* is non-analogous art is supported by substantial evidence. *See* Appx10-16. Petitioner appears to argue now that Patent Owner needed to posit a field of endeavor for *Mann*. Appellant Br. 40. But Petitioner had the burden to prove "unpatentability by a preponderance of the evidence." *See* 35 U.S.C. § 316(e). Although Petitioner "is not required to anticipate and raise analogous art arguments in its petition," it does bear the burden of showing that the asserted prior art is analogous as part of its burden to demonstrate unpatentability. *See Sanofi-Aventis Deutschland GmbH v. Mylan Pharm. Inc.*, 66 F.4th 1373, 1379-80. (Fed. Cir. 2023).

Petitioner's Reply failed to show that its cited disclosures are within the field of endeavor in response to the arguments in Patent Owner's Response. *See* Appx12 (citing Appx359). The Board found that Petitioner asserted different fields of

endeavor for the same cited disclosures in the '924 Patent. Appx12. The Board determined that Petitioner failed to satisfy its burden of showing that *Mann* is analogous art to the '924 Patent. Appx13.

Petitioner now misrepresents to the Court that Patent Owner argued that the field of endeavor for *Mann* is limited to devices intended for inconspicuous recording. *See* Appellant Br. 40-41 (citing *State Contracting & Engineering Corp. v. Condotte America* 346 F.3d 1057, 1069-70 (Fed. Cir. 2003)). But the misrepresentation is irrelevant because the Board's decision did not hinge on whether the field of endeavor for *Mann* is limited to devices intended for inconspicuous recording. *See* Appx11-16. Petitioner's argument that *Mann* is in the same field of endeavor because it shares the same "structure" and "function" as the claimed subject matter of the '924 Patent ignores the "function" (i.e., camera-based sensing of the input) included in the correct field of endeavor determined by the Board. *See* Appellant Br. 41 (citing *Bigio*, 381 F.3d at 1325-26). Petitioner's argument fails because *Mann* does not share the same "function."

There is no reasonable dispute that *Mann* is not analogous art to the field of endeavor adopted by the Board. Accordingly, the Board's finding that *Mann* is non-analogous art to the '924 Patent should be affirmed because it is supported by substantial evidence.

### B. The Board Complied with the APA in Identifying the Field of Endeavor and Finding That *Mann* Is Not Analogous Art.

Petitioner's reliance on the APA is nothing more than an attempt to paper over its own failure to meet its burden of demonstrating unpatentability. *See Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1375, 1378 (Fed. Cir. 2015). Although Petitioner "is not required to anticipate and raise analogous art arguments in its petition," it does bear the burden of showing that the asserted prior art is analogous as part of its burden of demonstrating unpatentability. *See Sanofi-Aventis Deutschland GmbH v. Mylan Pharm. Inc.*, 66 F.4th 1373, 1379-80. (Fed. Cir. 2023). Petitioner could have tried to meet its burden in reply or at oral argument, but Petitioner failed to do so. *See id.*

Although it was not required to, Petitioner did raise the issue of analogous art in its petition by arguing that *Mann* and the '924 Patent are in the same field of endeavor because of supposed overlap between their disclosures. *See* Appx11; *see also* Appx106. But the petition failed to "expressly define the field of endeavor of either the '924 patent or Mann," which the Board characterized as a "unique approach." *See* Appx11-12; *see also* Appx106. Notably, that "unique approach" led Petitioner to identify different alleged fields of endeavor for the '924 Patent relative to the other prior-art references asserted in the petition. *See* Appx11-12; Appx359.

Petitioner would have this Court believe that the Board "crafted <u>an entirely new field of endeavor</u> based on the parties' descriptions of the patent in other aspects of their briefing." Appellant Br. at 44-45 (emphasis added). The truth is, however, that the Board merely chose one of the two asserted fields of endeavor that <u>Petitioner</u> proposed. Petitioner proposed two fields of endeavor because it is clear that *Mann*, which has only a touch interface, is not in the same field of endeavor as the '924 Patent. Petitioner's Reply identified the following alleged fields of endeavor:

- "a portable camera system that may be controlled by human gesture input;" and

- "a camera system that controls the operation of the device based on captured image information."

Appx359. During oral argument, Judge Dougal asked Petitioner's counsel to confirm that Petitioner had asserted two alleged fields of endeavor for the same patent. *See* Appx446, 23:4-19. Petitioner's counsel confirmed Judge Dougal's understanding, while also conceding that it is not common practice to identify multiple alleged fields of endeavor for the same patent. *See* Appx446, 24:1-8; *see also* Appx12, n. 8. Petitioner now cries foul because the Board "narrow[ed] the patent's field of endeavor to require camera-based sensing." Appellant Br. at 42. But the Board did nothing more than adopt a field of endeavor that is similar to Petitioner's second proposed field of endeavor:

> Thus, Petitioner's field of endeavor of "a portable camera system that may be controlled by human gesture input" (Pet. 13) for the '924 patent, is both too narrow, "portable," and yet also too general, "human gesture input" not tied to optically sensing the input with a camera. If anything, camera based sensing of the input is the one feature that is present in all of the noted sections of the '924 patent and is highlighted by the parties. Interestingly, camera based sensing of the input is included in the fields of endeavor with respect to Amir and Aviv in the Petition, but absent without explanation in the first. This is a further reason why Petitioner does not satisfy it burden; the proper field of endeavor of the '924 patent should include camera based sensing of the input.

*See* Appx15; *see also* Appx13 ("Petitioner provides no analysis as to why it is appropriate to have different fields of endeavor all based on the same disclosure.").

The field of endeavor adopted by the Board is also consistent with the portions of the specification of the '924 Patent that Petitioner identified in the petition as allegedly setting forth the field of endeavor with respect to *Mann*. The petition contends that three portions of the specification of the '924 Patent describe that field of endeavor, each of them describing the use of camera-based sensing: (1) the Abstract; (2) col. 25, lines 40-41; and (3) col. 25, lines 50-63. Appx106. The first citation, the Abstract, characterizes the '924 Patent as disclosing a method and apparatus "to enable rapid TV camera and computer based sensing in many practical applications. . . ." Appx21. Although Petitioner cut the second citation short, it

references camera-based input: "Consider handheld computer 1901 of FIG. 18, incorporating a camera 1902 which can optionally be rotated about axis 1905 so as to look at the user or a portion thereof such as a finger 1906, or at objects at which it is pointed." Appx57, 25:40-43. Similarly, Petitioner's third citation identifies sensing <u>images</u> of "Ones self," "Ones fingers," or "One or more objects in ones hand" as input. *See id.* at 25:50-63 (emphasis added). Thus, Petitioner's argument that the Board "crafted an entirely new field of endeavor based on the parties' descriptions of the patent in other aspects of their briefing" is baseless. *See* Appellant Br. at 44-45.

Petitioner's argument that it was not given an opportunity to respond is also baseless. Petitioner had the opportunity to argue in reply that both of its proposed fields of endeavor should apply to *Mann*. Petitioner did not. Petitioner had the opportunity to argue during oral argument that both of its proposed fields of endeavor should apply to *Mann*. Petitioner did not. Petitioner did not make that argument because there is no reasonable basis to assert that *Mann* is in the same, proper field of endeavor of the '924 Patent. That is why Petitioner now seeks to shield its failure on the merits by seeking cover behind the APA.

Petitioner was afforded many opportunities to support its unpatentability position. After failing to do so, the Board properly found that the Petitioner failed

to carry its burden to show that *Mann* is analogous art. Accordingly, the Final Written Decision should be affirmed.

## VIII. CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Appellee respectfully submits that the Court should affirm.

Dated:     September 12, 2023     Respectfully submitted,

By: */s/ Fred I. Williams*
Fred I. Williams
*Principal Attorney*
fwilliams@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
The Littlefield Building
601 Congress Ave., Suite 600
Austin, Texas 78701
512.543.1354 telephone

Todd E. Landis
tlandis@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
2633 McKinney Ave., Suite 130 #366
Dallas, TX 75204
512.543.1357 telephone

John Wittenzellner
johnw@wsltrial.com
WILLIAMS SIMONS & LANDIS PLLC
1735 Market Street, Suite 125#453
Philadelphia, PA 19103
512.543.1373 telephone

COUNSEL FOR APPELLEE GESTURE
TECHNOLOGY PARTNERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system on September 12, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated:  September 12, 2023       */s/ Fred I. Williams*
                                 Fred I. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** 23-1494

**Short Case Caption:** Apple Inc. v. Gesture Technology Partners, LLC

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes  5,752  words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 09/12/2023

Signature: /s/ Fred I. Williams

Name: Fred I. Williams

Save for Filing