No. 23-1494

IN THE
# United States Court of Appeals for the Federal Circuit

APPLE INC.,

*Appellant,*

*v.*

GESTURE TECHNOLOGY PARTNERS, LLC

*Appellee.*

On Appeal from the United States Patent & Trademark
Office, Patent Trial & Appeal Board, Nos. IPR2021-00923,
IPR2022-00093, IPR2022-00361

## REPLY BRIEF OF APPELLANT
## APPLE INC.

Paul R. Hart
ERISE IP, P.A.
5299 DTC Blvd.
Suite 1340
Greenwood Village, CO 80111

Adam P. Seitz
Clifford T. Brazen
ERISE IP, P.A.
7015 College Blvd.
Suite 700
Overland Park, KS 66211

Abigail Colella
Melanie L. Bostwick
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
1152 15th Street NW
Washington, DC 20005
(202) 339-8400

Elizabeth R. Moulton
ORRICK, HERRINGTON &
 SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105

*Counsel for Appellant Apple Inc.*

November 2, 2023

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................ii

INTRODUCTION ................................................................................ 1

ARGUMENT ....................................................................................... 3

    I.    The Board's Finding That Mann Is Non-Analogous Art Is Unsupported By Substantial Evidence .............................. 3

        A.    Because the '924 patent indisputably focuses on using human gesture as input, there was no valid basis for rejecting Apple's proposed field. .................... 4

        B.    The narrow field of endeavor adopted by the Board is not supported by substantial evidence ......... 15

        C.    Under the correct field of endeavor, Mann is prior art. .................................................................................. 23

    II.    The Board Violated The APA By Crafting An Entirely New Field Of Endeavor Without Giving Apple An Opportunity To Respond. ..................................................... 25

CONCLUSION ................................................................................. 28

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apple Inc. v. Samsung Elecs. Co.,*
  816 F.3d 788 (Fed. Cir. 2016) ............................................................ 22

*In re Bigio,*
  381 F.3d 1320 (Fed. Cir. 2004) ..................................................... 5, 11

*Interactive Gift Express, Inc. v. Compuserve Inc.,*
  256 F.3d 1323 (Fed. Cir. 2001) ......................................................... 14

*In re Mettke,*
  570 F.3d 1356 (Fed. Cir. 2009) ......................................................... 22

*Netflix, Inc. v. DivX, LLC,*
  80 F.4th 1352 (Fed. Cir. 2023)..................................... 6, 11, 12, 19, 22

*Nike, Inc. v. Adidas AG,*
  955 F.3d 45 (Fed. Cir. 2020) ............................................................. 25

*Regent Lighting Corp. v. FL Indus., Inc.,*
  No. 94-1162, 1995 WL 331122 (Fed. Cir. June 2, 1995).............. 20, 22

*Seabed Geosolutions (US) Inc. v. Magseis FF LLC,*
  8 F.4th 1285 (Fed. Cir. 2021)............................................................ 13

*Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys.
  U.S.A., Inc.,*
  19 F.4th 1315 (Fed. Cir. 2021).......................................................... 15

*Unwired Planet, LLC v. Google Inc.,*
  841 F.3d 995 (Fed. Cir. 2016) ....................................... 6, 7, 8, 9, 15, 18

*Wyers v. Master Lock Co.,*
  616 F.3d 1231 (Fed. Cir. 2010) ......................................................... 19

*Yee v. City of Escondido,*
  503 U.S. 519 (1992) ........................................................................... 14

**Other Authorities**

Jeffrey T. Burgess, *The Analogous Art Test*, 7 Buff. Intell.
    Prop. L.J. 63 (2009) ............................................................... 6

Lance Leonard Barry, *Cézanne and Renoir: Analogous Art in
    Patent Law*, 13 Tex. Intell. Prop. L.J. 243 (2005) ................................ 6

# INTRODUCTION

Apple's petition for inter partes review showed that the '924 patent is invalid as obvious. A skilled artisan would be motivated to combine the Numazaki reference, which discloses all of the claimed, camera-based gesture-sensing functionality, with the Mann reference, which discloses the two-camera, handheld form factor to which the claimed functionality can be applied. The Board, however, did not even reach the merits of Apple's straightforward obviousness combination. Instead, it rejected Apple's petition on analogous art grounds, concluding that, because Mann did not *already* include the claimed functionality, it could not qualify as prior art.

Gesture Technology's response brief repeats the Board's error. It repeatedly emphasizes that the '924 patent specifically describes controlling computers with human gesture *by using cameras*—as if that fact is determinative of the analogous art issue and definitively settles the correctness of the Board's approach. But Apple fully acknowledged that the '924 patent's supposedly novel way of using human gesture to control computers involved camera-based sensing. The problem, as Apple explained, is that the scope of analogous art should not be limited

1

to the patent's "specific point of novelty" over prior art.  The Board did exactly that when it limited the field of endeavor to art that already used the camera-based gesture-sensing technique, rather than adopting a broader field covering camera systems that may be controlled by human gesture input.  Gesture Technology offers no justification for this narrow approach.  The Board's refusal to consider Mann's teachings should be reversed and the case should be remanded for the Board to consider the merits of Apple's obviousness grounds.

Independently, the Board's failure to give Apple notice and an opportunity to respond to its new definition of the patent's field of endeavor violates the Administrative Procedure Act (APA) and separately requires a remand.  Gesture Technology insists that Apple had ample opportunity to explain its position on analogous art, but fails to identify any argument regarding the field of endeavor *for the '924 patent* that might put Apple on notice of a dispute.  And while Gesture Technology suggests that the Board did not create a new field of endeavor but rather adopted a field of endeavor Apple itself proposed, this position wrongly treats Apple's articulations of the field as if they were mutually exclusive options rather than complementary

2

descriptions of a broad field and a specific point within it. Remand is also required on APA grounds.

## ARGUMENT

## I. The Board's Finding That Mann Is Non-Analogous Art Is Unsupported By Substantial Evidence

Apple's opening brief explained that the key focus of the '924 patent is controlling computers using human gestures as input. *See* OB26-30. The citations Apple provided to the Board reflect this focus, OB33-34, as does the patent's broader goal of using camera-based sensing to replace other, non-camera-based forms of gestural input, OB28. Accordingly, substantial evidence supports Apple's proposed field of endeavor for the patent: "camera system[s] that may be controlled by human gesture input." OB27 (quoting Appx106; Appx359).

In defending the Board's rejection of Apple's proposed field, Gesture Technology myopically focuses on the fact that the '924 patent's purported improvement over the prior art is using cameras to achieve gesture-based control of a computer. *See* RB13. Gesture Technology posits that those more specific disclosures of camera-based sensing somehow negate the patent's broader focus on human gesture input,

such that all of Apple's citations to the patent exclusively support *the Board's* proposed field of endeavor and do not support Apple's. RB13-14, 16-17; *see also* RB16 (arguing that the Board was correct to find that none of Apple's citations support Apple's proposed field).

But Gesture Technology fails to offer any rationale for why, when a patent focuses on two things—one a subset of the other—the field of endeavor should be limited to the narrower category. Under this Court's precedent, the opposite approach should prevail.

### A. Because the '924 patent indisputably focuses on using human gesture as input, there was no valid basis for rejecting Apple's proposed field.

**1.** As Apple's opening brief explained (at OB26-30), the '924 patent's disclosure, including the claimed embodiment and stated "Field of Invention," reflects a broad focus on controlling computers using human gestures as input. The "Field of the Invention" describes using camera images of "human positions or orientations" (i.e., gestures) as an "input … for computers." Appx45 2:7-19. The claimed embodiment "obtain[s] images" of "one[']s gestures" so that the gestures can be used to control computers—for instance by capturing images of "a pencil or pen" in the user's hand, "rather than having a special touch screen and

4

pencil." Appx57 25:50-63. And other embodiments describe one-to-one replacement of existing, non-image-based forms of gestural computer input (say, a "conventional … touch screen") with camera-based substitutes (like a system that uses cameras to track "pointing at a board with a finger"). Appx55 21:33-49.

Given this consistent focus on using human gestures to control computers, Apple correctly identified the '924 patent's field of endeavor as "camera system[s] that may be controlled by human gesture input." *E.g.*, Appx106; Appx359. That field properly includes, not just the camera-based control "embodiments" of the claimed invention, but also the invention's overall "structure and function" and the "common sense likely to be exerted" by a skilled artisan in looking for relevant art. *In re Bigio*, 381 F.3d 1320, 1325-26 (Fed. Cir. 2004); *infra* __ (explaining that the '924 inventor looked to non-camera-based forms of gesture input for applications of the camera-based functionality).

Gesture Technology insists that the field of endeavor should be limited to the camera-based sensing technique and exclude computers that have other ways of capturing human gestures. But as Apple explained (at OB27), a patent's field of endeavor may not be "limited to

the specific point of novelty, the narrowest possible conception of the field, or the particular focus within a given field." *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 995, 1001 (Fed. Cir. 2016). This is because analogousness is merely a threshold test to see whether a reference should be considered as part of the obviousness analysis; it is not supposed to subsume the obviousness inquiry altogether. *Netflix, Inc. v. DivX, LLC,* 80 F.4th 1352, 1359 (Fed. Cir. 2023) (citing Jeffrey T. Burgess, *The Analogous Art Test*, 7 Buff. Intell. Prop. L.J. 63, 72 (2009)). Accordingly, this Court has endorsed "an expansive view of what constitutes analogous art." *Id.* (quoting Lance Leonard Barry, *Cézanne and Renoir: Analogous Art in Patent Law*, 13 Tex. Intell. Prop. L.J. 243, 247 (2005)).

In cases like this, where the patent describes multiple things, or when its focus can be described at varying levels of generality, the principle that analogous art should not be limited to the patent's "specific point of novelty," *Unwired Planet,* 841 F.3d at 1001, means that a broader conception of the field of endeavor is appropriate. Here, that means the '924 patent's specific focus on using human gesture *sensed by cameras* to control computers, does nothing to negate the

6

broader disclosure of using human gesture to control computers. A field of endeavor should encompass the patent's full disclosure. *See id.* The '924 patent therefore supports Apple's proposed field. *See* OB26-30.

According to Gesture Technology, *Unwired Planet*'s ban on limiting the field to the "'specific point of novelty'" is inapposite because the Board's field does not require analogous art to include *every* claim element: camera-based control *and* the "handheld computing device" *and* the "specific arrangement of cameras." RB14-15; RB18. Put differently, Gesture Technology equates *Unwired Planet*'s phrase "specific point of novelty" with anticipatory references that include the entire, supposedly novel combination of limitations. And Gesture Technology argues that a field of endeavor is sufficiently broad under *Unwired Planet* so long as it is not limited to anticipatory art. But no court has read *Unwired Planet* so narrowly, and the Court's opinion makes clear that *Unwired Planet* was making a broader point: that that field of endeavor should not be limited to specific aspects of a patent's disclosure, but rather should include its full scope. *See Unwired Planet,* 841 F.3d at 1001. Indeed, the Court explained that a patent's field of endeavor is not limited to its "particular focus within a given field." *Id*.

Gesture Technology's narrow reading is also belied by the facts of *Unwired Planet* itself. In *Unwired Planet*, the Court assessed the field of endeavor for a patent disclosing a system for providing location-based search results on cell phones. *Id.* It concluded that the field was not limited to art addressing "mobile telephony or location-based services," but also included art relevant to the general field of graphical user interfaces and the patent's broader goal of prioritizing information in a useful way. *Id. at* 1000-01. The holding in *Unwired Planet* could not have been motivated by a concern that only anticipatory references could qualify as prior art, as Gesture Technology suggests, because even the narrowest proposed field of endeavor was much broader than the claims. Rather, the Court was relying on the principle as Apple described it: that the field of endeavor should encompass all topics within the patent's disclosure, regardless of whether the patent had a specific "area[] of focus … within the broader field." *Id.* at 1001; OB33.

To the extent Gesture Technology is instead arguing that *Unwired Planet* is inapposite because the '924 patent's "'specific point of novelty'" is something *other than* the camera-based sensing functionality, that argument also fails. *See* RB14-15 (stating that *Unwired Planet* does not

8

apply because the Board's field does not include the "handheld computing device" or the "specific arrangement of cameras"). As Gesture Technology itself recognizes, the '924 patent clearly purports to be inventing a camera-based control technique. *See* RB13-14 (citing Appx45 2:7-19). It does not purport to invent anything about handheld devices with a particular arrangement of cameras. Rather, it describes adding camera-based control functionality to existing hardware. *See* OB34-35. Thus, it makes no sense to identify the claimed physical components as the patent's sole "point of novelty" over prior art. In any case, *Unwired Planet* also bars limiting the field of endeavor to "the narrowest possible conception of the field, or the particular focus within a given field." 841 F.3d at 1001. So, even if camera-based sensing is not the "specific point of novelty," it is still an improperly narrow field given the patent's focus on adding camera-based sensing to existing devices and contexts.

**2.** Gesture Technology next argues that the Board correctly rejected Apple's proposed field of endeavor because Apple articulated supposedly "competing" fields with respect to different references. *See* RB16. ("Petitioner had no valid basis to assert a separate field of

endeavor for Mann."). But Gesture Technology fails to explain what about Apple's different articulations of the field is contradictory, rather than complementary. As Apple's opening brief explained (at OB30-31), the fields identified for Aviv and Amir, which require control using "'captured image information,'" are a subset of the broader fields identified for Mann and Numazaki, which require control using "human gesture input." *See* OB32. Apple's briefing to the Board highlighted that all the references are within the broader field by noting that Aviv and Amir use captured image information about *human gesture*. OB32 (citing Appx154; Appx143). Gesture Technology does not dispute that the "captured image information" field is a subset of Apple's broader, "human gesture input" proposal. *See* RB16. In the same way that describing a pet as a "Goldendoodle" does not undercut a claim that it is a dog, nothing about Apple's articulation of a more specific subfield suggests that the broader field Apple articulated is incorrect.

In arguing otherwise, Gesture Technology seems to be operating from an unstated assumption that every patent can be assigned only a single, immutable field of endeavor, and that all different articulations of the field are mutually exclusive. *See* RB16; *see also* RB24. The

10

Board seemed to be under the same impression when it faulted Apple for not explaining "why it is appropriate to have different fields of endeavor [for] the same disclosure." Appx13. But neither Gesture Technology nor the Board offers any authority for that premise, and without it, their position falls apart.

As Apple explained (at OB32, 38), this Court's precedent makes clear that a patent's field of endeavor can be described in varied ways, and may be properly framed as a broad field encompassing many narrower "specific field[s]." *See Bigio*, 381 F.3d at 1325-26. In *Netflix, Inc.*, this Court even recognized that a single patent can be within multiple fields of endeavor. 80 F.4th at 1361. The Court endorsed Netflix's decision to propose two alternative fields of endeavor, observed that the Board had also described multiple potential fields, and acknowledged the possibility that the patent may be within either *or both* of them. *Id.* (remanding for determination of whether the reference and the patent are directed to Netflix's first "and/or" second proposed fields of endeavor).

Because a patent's field of endeavor is not a single, rigidly defined, immutable category, there is no basis for Gesture Technology's

11

insinuation that different articulations of the field are necessarily contradictory, or that there was something otherwise improper about Apple's approach. A field of endeavor can properly encompass multiple categories, or multiple points within a broader field. *See Netflix,* 80 F.4th at 1361.

**3.** Gesture Technology also insists that Apple is raising a new argument on appeal. RB15. Specifically, it claims that Apple previously argued that the patent's field is "portable camera system[s] that may be controlled by human gesture input," and is now arguing for a field focused on "using human gestures to control computers." RB15 (quoting OB30). But, as Apple's opening brief repeatedly made clear, Apple is advancing the exact same field of endeavor it articulated all along: "'camera system[s] that may be controlled by human gesture input.'" *E.g.*, OB26 (quoting Appx106); *see also* OB32. Indeed, the section of the opening brief Gesture Technology relies on explicitly *equates* "using human gestures to control computers" with that original field. OB30.

Gesture Technology does not even attempt to identify any substantive difference in those phrases. *See* RB15-16. That is because

there is none.  When Apple refers to a "camera system," it is talking

about a system including cameras *and a computer*.  The '924 patent

claims such a device.  *See* Appx57 26:54-65 (claiming a handheld device

containing a computer and cameras).  And Mann uses the phrase

"camera system" to describe an identical device including cameras and a

computer.  Appx773; Appx8.  Both here and in its earlier briefing Apple

is likewise using "camera system" to describe systems that couple

cameras and a computer, as described consistently throughout the '924

patent.  *See* Appx57 26:54-65.  Gesture Technology's assertion that

Apple is raising a new argument when it mentions gestural control of

"computers" ignores this context.  Apple is advancing the same field of

endeavor it did from the start: "portable camera systems that may be

controlled by human gesture input."

Gesture Technology also complains that Apple's appeal newly

identifies additional portions of the intrinsic record that support its

position, on top of the citations Apple included in its briefing to the

Board.  *See* RB16.  But simply expanding an existing argument by

adding additional citations to the intrinsic record is not a "new

argument."  *See Seabed Geosolutions (US) Inc. v. Magseis FF LLC*, 8

F.4th 1285, 1289 (Fed. Cir. 2021) ("The doctrine of waiver does not preclude a party from supporting its original claim construction with new citations to intrinsic evidence of record."); *Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1347 (Fed. Cir. 2001) (similar); *see also Yee v. City of Escondido*, 503 U.S. 519, 534 (1992) ("[P]arties are not limited [on appeal] to the precise arguments they made below.").

And, in any case, Apple's original citations, standing alone, were enough to carry Apple's burden. Those citations, including the patent's description of the claimed embodiment, clearly describe both camera systems and human gesture input. OB33-34; *e.g.*, Appx57 25:50-63 (describing a device that "replace[s] the keyboard of a conventional computer" with cameras that capture images of "[o]ne[']s fingers"). This supports describing the field of endeavor as "camera system[s] that may be controlled by human gesture input."

To the extent any aspect of Apple's field of endeavor argument is deemed forfeited, it would still be appropriate for this Court to consider the point on appeal and remand for further consideration by the Board. The Court has exercised its discretion to consider new arguments raised in response to positions adopted sua sponte by the prior tribunal. *See,*

14

*e.g., Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1324 (Fed. Cir. 2021) (considering appellate arguments made in response to district court's sua sponte analysis).  As explained in connection with Apple's APA argument, *see* OB42-45, Gesture Technology did not raise any of the points made by the Board in rejecting Apple's proposed Field of Endeavor.  Rather, the Board in its Final Written Decision adopted its own field of endeavor based on arguments raised by neither party.  *See, infra* __ (rebutting Gesture Technology's argument that the Board adopted a field proposed by Apple).  Thus, Apple had no occasion to respond to the Board's field, or the Board's arguments, until now.  This Court should exercise its discretion to consider those points.

### B.    The narrow field of endeavor adopted by the Board is not supported by substantial evidence.

While Apple's proposed field of endeavor is supported by the evidence, the Board's is not.  As Apple explained in its opening brief, the Board committed a legal error by ignoring the patent's full disclosure and limiting "[t]he field of endeavor ... to the specific point of novelty, the narrowest possible conception of the field, or the particular focus within a given field." *Unwired Planet,* 841 F.3d at 1001.

15

The problem, as Apple explained (at OB34-36), is that the Board focused narrowly on the specific camera-based sensing technique and ignored the patent's underlying focus on using human gesture to control computers. That broader focus was particularly relevant here because the patent is not describing camera-based sensing in isolation. Rather, it is describing (and claiming) ways of *adding* camera-based sensing to enhance existing, non-image-based methods of gestural control. OB34-35; *see e.g.*, Appx57 25:54-62 (replacing non-camera-based gestural controls, such as "an ordinary stylus" or the "keyboard of a conventional computer," with the camera-based sensing technique). When the Board limited the field of endeavor to references that already use camera-based gesture controls, it ended up excluding the existing contexts and hardware that the specification—and even the patent's examiner— treated as prior art. *See* OB35-36.

Gesture Technology makes little attempt to engage with Apple's discussion of the patent. Its primary argument, again, is to insist that the Board's field of endeavor is sufficiently broad under this Court's precedent because it does not literally limit analogous art to references that anticipate the claim. *See* RB18 (arguing that the Board did not

limit the scope of prior art to references that include both camera-based sensing *and* a "handheld computing device" *and* "the specific arrangement of cameras.").  But as Apple explained above, *see supra* § I.A, the principle from *Unwired Planet* is not so narrow.

Moreover, as a practical matter, the Board's narrow field of endeavor *is* requiring petitioners to put forth anticipatory art.  This is evident from the claims, which are generally separated into two parts: (1) the claimed physical device, and (2) the camera-based sensing technique required by the Board's field of endeavor.

**1**. A handheld device comprising:
   a housing;

   a computer within the housing;

   a first camera oriented to view a user of the handheld device and having a first camera output; and

   a second camera oriented to view an object other than the user of the device and having a second camera output, wherein the first and second cameras include non-overlapping fields of view, and wherein the computer is adapted to perform a control function of the handheld device based on at least one of the first camera output and the second camera output.

A handheld device with two cameras, one facing the user and one facing away

Controlled by camera-based sensing

Appx57 26:54-65 (annotations added).  Under the Board's definition of the field, a reference that describes the physical components of the handheld device, like Mann, qualifies as prior art only if it *also* uses camera-based control.  But, at that point, the reference would meet all claim limitations and anticipate.  Whether you conceptualize this as limiting the field of endeavor to "the specific point of novelty" or frame it as adopting "the narrowest possible conception of the field, or the particular focus within a given field," *Unwired Planet,* 841 F.3d at 1001, it conflicts with this Court's precedent.

Gesture Technology suggests that the Board's narrowed field is nonetheless correct because "the teachings in touch-based sensing [like Mann] are [not] relevant to the camera-based problems identified in the '924 Patent."  RB18 (citing *Unwired Planet,* 841 F.3d at 1001).  But this argument fails at the outset because it invokes an entirely separate test for analogous art—"reasonably pertinent to the particular problem" facing the inventor—on which neither Apple nor the Board relied.  *See Unwired Planet,* 841 F.3d at 1000-01 (describing reasonable pertinence test).  As this Court recently reiterated in *Netflix*, the field of endeavor

18

test, "[u]nlike the reasonable-pertinence test, … does not look to the problem that the patent purports to address." *Netflix*, 80 F.4th at 1359.

In any case, the specification makes clear that Gesture Technology is wrong about the relevance of touch-based teachings to the '924 inventor. As Apple explained, the patent repeatedly treats touch-based input devices as prior art and describes replacing the touch-based gestural controls with camera-based gestural controls.[1] *See* OB35-37. By adopting a field of endeavor that excludes references on which the patent explicitly purports to build, the Board has failed to consider the patent's full disclosure. *See Netflix*, 80 F.4th at 1360 (recognizing that the specification's disclosure of AVI files as prior art may indicate that the field of endeavor encompasses AVI file format art, and remanding for further consideration); *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1238 (Fed. Cir. 2010) (noting that when the specification refers to another invention as prior art, it should not be excluded as relevant prior art in the absence of more limiting language).

---

[1] Apple's own obviousness combination follows exactly this path: It combines Mann, a handheld device with two cameras controlled by touch-based gestures, with Numazaki, a handheld device with one camera, controlled by camera-based sensing of gestures. *See* OB14-15.

Just as troublingly, the Board's field of endeavor excludes
references that the examiner (and the applicant) considered to be prior
art—including a camera reference that, like Mann, taught the physical
structure of the claimed device, but did not itself include camera-based
control. *See* OB36 (citing Appx609-614). This Court has recognized
that a field of endeavor should encompass references that the examiner
and the inventor considered to be prior art during examination. *See*
*Regent Lighting Corp. v. FL Indus., Inc.,* No. 94-1162, 1995 WL 331122,
at *4 (Fed. Cir. June 2, 1995).

Gesture Technology does not even attempt to offer any
substantive explanation for why a field of endeavor that excludes
references that the inventor and the examiner both considered to be
prior art could possibly be appropriate. *See* RB19-22. It does not
discuss the specification's focus on enhancing existing systems at all,
and its only argument as to the prosecution history is to say that Apple
waived the argument by not raising it to the Board. RB21. But, again,
Apple is simply expanding its existing field of endeavor argument with
additional evidence from the intrinsic record. *See supra* § I.A. And
Apple had no reason to raise this point before the Board, as neither

20

Gesture Technology nor the Board ever suggested that the scope of prior art should be limited to this narrower field of endeavor. *See* OB42-45. In any case, the prosecution history is only further support for what is already clear from aspects of the specification that Gesture Technology declines to address: by limiting the field of endeavor to references that already use camera-based sensing of gesture input, the Board improperly excluded from the scope of the prior art numerous existing systems on which the '924 patent explicitly purports to build. This is yet another reason why the Board's narrow field of endeavor is unsupported by substantial evidence.

The remainder of Gesture Technology's argument involves attempts to distinguish Apple's cases. None justifies the Board's narrow field.

Start with *Bigio*, which Apple cited for the proposition that prior art should not be limited to a "specific field" if "structural similarities" or other factors would lead a skilled artisan to consider other art. *See* OB38. Gesture Technology argues that *Bigio* stands only for the point that references may be prior art if they "merely change[] the size or substitute[] the material" of the claimed device. RB19-20. But this

21

Court has cited *Bigio*'s discussion of shared "function and structure" without qualification. *See Netflix*, 80 F.4th at 1359. And this Court has not limited *Bigio* to simple mechanical devices, but rather has applied the principle across varied technological subject matter, including in cases (like this one) discussing the structure and functionality of electronic devices. *See Apple Inc. v. Samsung Elecs. Co.*, 816 F.3d 788, 803 (Fed. Cir. 2016) (applying *Bigio* principle to user interfaces on touchscreen devices), *vacated in part on other grounds*, 839 F.3d 1034 (Fed. Cir. 2016).

Gesture Technology attempts to distinguish *Regent Lighting* on the basis that it also involved an erroneous claim construction. RB20. But the fact that *Regent Lighting* also included a claim construction issue has no bearing on this Court's observation that a patent's field of endeavor should encompass art considered analogous during examination. *See* 1995 WL 331122, at *4.

As to *Mettke*, Gesture Technology does not dispute that the case requires a field of endeavor to cover the full breadth of a patent's disclosure. *See* RB21; *see also* OB37-38 (citing *In re Mettke*, 570 F.3d 1356, 1359 (Fed. Cir. 2009) (holding that the field could not be limited

to "providing access to the internet," as recited in the claims, when the specification also described other forms of communication media)). But Gesture Technology inexplicably posits that, in this case, that merely requires the field of endeavor to include "other forms of camera-based sensing of the input," while excluding references "without camera-based sensing of the input." RB21. The '924 patent's specification requires more. As Apple explained, the specification does not exclusively describe camera-based sensing of input; rather, it describes using camera-based sensing to *replace* other, non-camera-based forms of gesture-based input, like touchscreens and keyboards. *See* OB10, 35-36, 38. *Mettke*'s focus on encompassing the patent's full disclosure demonstrates that the field of endeavor should encompass those non-camera-based forms of gesture-based input as well.

### C.   Under the correct field of endeavor, Mann is prior art.

Apple explained—and Gesture Technology does not dispute—that, if the field of endeavor is correctly recognized as "camera systems that may be controlled by human gesture input," Mann qualifies as analogous art. OB39. Indeed, Gesture Technology acknowledges that Mann teaches a camera system. RB7. And it recognizes that Mann's

system is controlled by human gesture input, such as swiping a finger across the face of a wristwatch.  RB5; *see* Appx785-787; Appx695-698. Thus, to the extent this Court determines that the Board erred, and that Apple's proposed field is the correct field, this Court may hold that Mann is prior art and remand for consideration of Apple's obviousness combination; there would be no need for further fact finding as to whether Mann qualifies as prior art under the correctly stated field of endeavor.

Gesture Technology responds by criticizing Apple for arguing that Gesture Technology "needed to posit a field of endeavor for Mann." RB22 (citing OB40).  Apple made no such argument.  Apple was merely pointing out that none of Gesture Technology's arguments to the Board—such as its point that Mann is intended for inconspicuous recording—suggest that Mann is not within the field of "camera systems that may be controlled by human gesture input."  The same is true of Gesture Technology's arguments on appeal; none of them suggest that Mann is not within the field of endeavor as Apple defined it.

24

## II.    The Board Violated The APA By Crafting An Entirely New Field Of Endeavor Without Giving Apple An Opportunity To Respond.

At the very least, remand is required to remedy procedural violations under the APA.  As Apple explained, the field of endeavor for the '924 patent adopted by the Board in its Final Written Decision was distinct from Apple's articulation of the field and distinct from any argument advanced by Gesture Technology.  *See* OB43-45.  By adopting that new definition without "giv[ing] the parties notice and an opportunity to respond," the Board violated the process requirements of the APA.  *Nike, Inc. v. Adidas AG*, 955 F.3d 45, 53 (Fed. Cir. 2020); *see* OB45.

Gesture Technology does not dispute that the APA requires the Board to provide notice and an opportunity to respond when it adopts an argument not raised by the parties.  *See* RB24-28 (citing no APA cases).  Nor does Gesture Technology claim that it properly raised the argument on which the Board relied.  According to Gesture Technology, however, there is no APA violation in this case because the Board did not adopt an entirely new field of endeavor when it limited prior art to references that used camera-based sensing, but simply adopted a

25

version of the field of endeavor Apple itself offered for the '924 patent with respect to Aviv and Amir.  RB25.

This warps Apple's position.  Apple never suggested to the Board that the '924 patent's field could be *limited* to camera-based sensing.  It consistently claimed that the field included *both* devices controlled by "human gesture input" *and* the narrower category of devices controlled by "captured image information."  *See* Appx106; Appx111; Appx142; Appx154.  In arguing otherwise, Gesture Technology is once again invoking the false premise that different articulations of the field should be understood as mutually exclusive and contradictory, rather than as complementary.  But there is no basis for that reading in the case law, *see supra* § I.A, and Gesture Technology fails to offer any evidence for such a reading in Apple's positions before the Board.  As Apple explained, the Board was not acting in response to an argument raised by the parties, but rather was inventing its own, narrower field of endeavor, without offering Apple an opportunity to respond.  OB44-45.

Gesture Technology also argues at length that Apple could have argued its field of endeavor point to the Board.  But, again, Gesture

Technology fails to identify any argument it made that would have prompted Apple to make such an argument.  *See* OB41-45 (noting that Gesture Technology never disputed that the '924 patent's field included human gesture input).  And, tellingly, it misstates the argument that Apple supposedly should have raised.  It suggests Apple should have "argue[d] in reply that both of its proposed fields of endeavor should apply to Mann."  RB27.  But Apple has never taken the position that Mann is within the field of camera-based sensing and is not doing so now.  The point is not that Mann is within the unduly narrow field the Board eventually adopted, but rather that there is no basis for limiting the field of endeavor for the '924 patent to camera-based sensing of the input.  That articulation of the '924 patent's field of endeavor was raised for the first time in the Board's Final Written Decision, such that Apple was never afforded any opportunity to respond.  *See* OB45.  Remand is therefore required.

# CONCLUSION

For at least these reasons, this Court should reverse the Board's analogous art finding, vacate the Board's determination that Apple failed to establish the obviousness of the challenged claims, and remand for consideration of Apple's obviousness grounds.

Respectfully submitted,

*/s/ Abigail Colella*

|  |  |
|---|---|
| Paul R. Hart | Abigail Colella |
| ERISE IP, P.A. | Melanie L. Bostwick |
| 5299 DTC Blvd. | ORRICK, HERRINGTON & |
| Suite 1340 | SUTCLIFFE LLP |
| Greenwood Village, CO 80111 | 1152 15th Street NW |
|  | Washington, DC  20005 |
| Adam P. Seitz | (202) 339-8400 |
| Clifford T. Brazen |  |
| ERISE IP, P.A. | Elizabeth R. Moulton |
| 7015 College Blvd. | ORRICK, HERRINGTON & |
| Suite 700 | SUTCLIFFE LLP |
| Overland Park, KS 66211 | 405 Howard Street |
|  | San Francisco, CA 94105 |

*Counsel for Appellant Apple Inc.*

November 2, 2023

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. Cir. R. 32(b)(1) because this brief contains 5184 words, excluding the parts of the brief exempted by Fed. Cir. R. 32(b)(2) and Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Century Schoolbook 14-point font.

ORRICK, HERRINGTON & SUTCLIFFE LLP

*/s/ Abigail Colella*
Abigail Colella
*Counsel for Appellant Apple Inc.*